# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **MARCELO GARCIA,** | : | **MOTION TO VACATE** |
| BOP Reg. # 56778-019, | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:05-CR-122-RWS-AJB-4** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:18-CV-3454-RWS-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, Marcelo Garcia, confined in the Federal Correctional Institution in Fort Dix, New Jersey, submitted a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:05-cr-122-RWS-AJB-4. [Doc. 418.][1] Movant also submitted a motion for leave to file a brief in support. [Doc. 417.] For good cause shown, Movant's motion for leave to file a brief in support, [Doc. 417], is **GRANTED**.

The matter is before the Court for preliminary review of the § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be

---

[1] Citations to the record in this Order and Final Report and Recommendation refer to case number 1:05-cr-122-RWS-AJB-4.

AO 72A
(Rev.8/82)

**DISMISSED** as untimely.

I.      **Discussion**

On March 15, 2006, Movant pleaded guilty to one count of conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. [Docs. 1, 291.] On August 2, 2006, the District Court filed the Judgment and Commitment, sentencing Movant to 300 months of imprisonment, followed by five years of supervised release. [Doc. 334.] Movant did not appeal. [Doc. 418 at 1-2.] On August 2, 2016, the District Court filed an Order reducing Movant's sentence to 235 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), because his sentencing guideline range was retroactively lowered. [Doc. 403.] Movant executed his § 2255 motion on July 10, 2018. [Doc. 418 at 12.] Movant claims that he received ineffective assistance of counsel. [*Id.* at 4-8; Doc. 417 at 5-21, 24-25.]

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's conviction became final; (2) a Government

impediment to making the § 2255 motion was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claim. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had ten business days in which to appeal his conviction after the District Court filed the Judgment and Commitment on August 2, 2006. *See* Fed. R. App. P. 4(b)(1)(A)(i) & 26(a) (2006). Movant did not appeal, and the ten-day period expired on August 16, 2006. Thus, Movant's conviction became final on that date, and the one-year statute of limitations expired on August 16, 2007.[2] Movant executed his § 2255 motion nearly eleven years late, on July 10, 2018.

Movant fails to show that (1) the circumstances set forth in § 2255(f)(2)-(4) apply, (2) he is entitled to equitable tolling,[3] or (3) he is actually innocent.[4] Therefore,

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

[3] "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). Movant suggests that his counsel committed "[egregious] misconduct." [Doc. 418 at

the District Court should dismiss the § 2255 motion as untimely.[5]

Further, a sentencing adjustment undertaken pursuant to § 3582(c)(2) does not constitute a de novo resentencing, *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000), and hence, the sentence modification did not restart the § 2255(f)(1)

---

11.] However, Movant fails to satisfy the requirement of providing "proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." *Scott v. Duffy*, 372 Fed. Appx. 61, 63 (11th Cir. Apr. 5, 2010) (per curiam) (quoting *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008)). Movant also fails to show that he acted diligently in waiting more than a decade before seeking § 2255 relief.

[4]   "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

[5]   The opportunity to object to this Order and Final Report and Recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the matter. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); *Taylor v. United States*, 518 Fed. Appx. 348, 349 (6th Cir. Mar. 22, 2013) ("The district court properly denied Taylor's section 2255 motion on timeliness grounds because the court may *sua sponte* dismiss a motion as barred by the applicable one-year statute of limitations.") (citing *Day*, *id.*); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to Section 2255 motions.") (citation omitted).

4

limitations period. 18 U.S.C. § 3582(b) (notwithstanding the fact that a sentence may be subject to modification under 3582(c)(2), "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes"); *see United States v. Preyear*, No. CIV.A. 10-0280-KD, 2010 WL 4026087, at *1 (S.D. Ala. Sept. 22, 2010) (R&R), *adopted*, No. CIV. 10-00280-KD, 2010 WL 4025613 (S.D. Ala. Oct. 13, 2010) (citing cases). Even if the limitations period has restarted, Movant still filed his motion over ten months late.

## II.     Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*,

5

529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that the § 2255 motion is untimely. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III.   Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's motion for leave to file a brief in support, [Doc. 417], is **GRANTED**.

**IT IS RECOMMENDED** that:  (1) the § 2255 motion, [Doc. 418], be

6

**DISMISSED** as untimely; (2) a COA be **DENIED**; and (3) civil action number 1:18-cv-3454-RWS-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this   26th   day of July, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE